IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 13, 2002 Session

## CYNTHIA LEE BRATTON v. MICHAEL WAYNE BRATTON

**Direct Appeal from the Chancery Court for Hamblen County**
**No. 2000-148     Hon. Thomas R. Frierson, II., Judge**

**MARCH 14, 2003**

**No. E2002-00432-COA-R3-CV**

In divorce action the Trial Court granted divorce, refused to enforce a postnuptial Agreement, divided marital property, awarded alimony and child support.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the Court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Douglas R. Beier, Morristown, Tennessee, for Appellant.

Sarah Y. Sheppeard and Jason H. Long, Knoxville, Tennessee, for Appellee.

### OPINION

In this divorce action, the Trial Court decreed a divorce, divided the marital property and awarded alimony and child support to the wife. Both parties have appealed.

At trial and on appeal, the wife seeks to enforce a "Property Settlement Agreement" signed by the wife and husband.   The parties were married on June 26, 1982, and the Agreement was entered into on August 26, 1983.[1]

The agreement recites in pertinent part:

---

[1]At the time the divorce action was filed, the parties had been married 18 years.

WHEREAS, the parties are husband and wife and desire to provide for the future division and distribution of property and support of the Wife in the event of a future divorce; and

WHEREAS, the parties desire that their respective rights and interests in and to all future property to be accumulated be expressly set forth herein and established in accordance with the terms and provisions hereof.

NOW, THEREFORE, IN CONSIDERATION OF THE PREMISES, the mutual benefits accruing to the respective parties and other good and valuable consideration, received or to be received by each of the parties hereto, it is agreed as follows:

1. In the event the Husband is guilty of statutory grounds for divorce under the statutes of the state the parties are domiciled and the Wife institutes divorce proceedings in the state courts of such state, all property jointly owned by the parties, real, personal, or mixed, shall be divided equally between the parties.

2. In the event the Husband is guilty of statutory grounds for divorce under the statutes of the state the parties are domiciled and the Wife institutes divorce proceedings in the state courts of such state, the Husband shall pay to the Wife, one-half (½) of all of the Husband's net gross income (after deduction for state and federal income taxes).

Prior to trial, the Trial Judge granted partial summary judgment, holding that the contractual provision relating to the husband's agreeing to pay one-half to his net income to the wife was not supported by consideration.

On appeal, the wife insists the Agreement is valid and must be enforced by the Court.

Cases dealing with prenuptial agreements offer little guidance because those agreements are sanctioned and regulated by statute.[2] Postnuptial agreements are neither sanctioned nor regulated by statute but are to be interpreted and enforced as other contracts.

At the time the Agreement was signed, the husband was enrolled in medical school in Memphis, and his wife was working. The parties' version surrounding the execution of the Agreement differ somewhat. The wife testified that they had discussed such an arrangement prior to marriage, and that she gave up the idea of having a career, and that they both understood he would pay her one-half of his future earnings in exchange for her agreeing to stay at home and raise his

---

[2]Tenn. Code Ann. § 36-3-501.

children.

The husband testified that his wife came home one day and told him that a doctor she worked with at St. Jude's told her that her husband would leave her one day, and that she wanted a contract to protect her. She testified they were not having any marital problems at the time, and he told her he was not planning on leaving her.

Both parties testified that wife would do something in exchange's for the husband's promise regarding his future income. The wife testified that she would forego her career to stay home and rear the children.[3] The husband testified that the wife agreed to stay in the marriage in exchange for his signing the Agreement. This would be a benefit flowing to him. Both parties testified that the wife would do something in exchange for the husband's promise regarding his future income. We disagree with the Trial Judge's conclusion that there was no consideration for this contract, since consideration may consist of either a benefit to the promissor or a detriment to the promissee. *See Trailer Conditions, Inc., v. Huddleston*, 897 S.W.2d 728 (Tenn. Ct. App. 1995).

If the contract is enforced as written, the wife would receive one-half of the husband's income, and additionally 32% of his income would be payable as child support under the guidelines. This would leave the husband with 18% of his income.

We pretermit any consideration of the issues of duress, fairness and unconscionability which may be grounds not to enforce an agreement. We hold the Agreement is in conflict with the divorce statutes of this State. The operative provisions of the contract are only triggered upon a finding by a court that "husband is guilty of statutory grounds for divorce under the statutes of the State".

Divorces in this jurisdiction are heavily regulated by statute. Tenn. Code Ann. § 36-4-121(a)(1) provides that marital property is to be "assigned without regard to fault" and alimony is awarded based upon several statutory factors, one of which is the relative fault of the parties which may be considered, but is within the trial judge's discretion. *See* Tenn. Code Ann. § 36-5-101(K)(d)(1). The parties' contract can only be rendered operative by resorting to the courts in a divorce action, and the husband is found to be guilty of grounds for divorce as described in the divorce statute. Yet, the Agreement preempts the court from equitably assigning the marital property without consideration of fault, and preempts the court from considering the issue of alimony, and essentially would award the wife one-half of the husband's future income based solely upon fault. We hold these provisions are void as against public policy in this State within the context of the parties' Agreement which predicates the benefits to the wife solely on husband's fault.

We affirm the Trial Court's refusal to enforce the Agreement, but on other grounds as set forth in this Opinion.

---

[3]The husband in his brief argues that if such is valuable consideration, the wife breached the alleged contract that she remain home when she pursued and accepted employment outside the home.

The husband argues that the Trial Court erred in its award of alimony because the Court looked at the parties' standard of living during the marriage, as the primary factor in making the award. The statutory factors to be considered in awards of alimony are set forth in Tenn. Code Ann. § 36-5-101. At trial, the wife said her monthly expenses averaged $17,000.00, and at the time of trial she was not earning any income. The husband's education and training were superior to the wife's and the marriage was of long duration. The wife had always been the primary caretaker of the minor children, but the children are now of such age as the wife would not be prohibited from working outside the home. Neither party had significant separate assets, and the marital property was divided. Both parties contributed to the marriage and they enjoyed a very high standard of living, due to the husband's income as an orthopedic surgeon. The husband was found to be at fault in the break up of the marriage, admitting that he had been having an affair with a co-worker for whom he had expended large sums of money during their romance. While the husband argues the Court relied too heavily on the factor concerning the parties' standard of living, a review of the Trial Court's Opinion demonstrates that the Trial Court considered all of the statutory factors in making its award of alimony to the wife. The Trial Court discussed the statute and the most significant factors to be considered were need and ability to pay. The Court then discussed rehabilitation, and the fact that the legislature had expressed a preference for same.

The Court concluded the wife was economically disadvantaged, due to the fact that she had chosen to forego her own career in order to support her husband, so that she could be a homemaker and caretaker for the children. The Court also noted the wife had worked as a realtor, but that her business attempts "had proven financially unsuccessful". The Court then noted the wife could not be rehabilitated to the standard of living which the parties had enjoyed during the marriage and concluded that considering "all applicable factors," an award of $10,500.00 per month would be appropriate. The evidence does not preponderate against this finding. Tenn. R. App. P. 13(d).[4]

The Supreme Court in *Robertson v. Robertson*, 76 S.W.3d 337 (Tenn. 2002) explained that marital standard of living is but one factor to be considered pursuant to the statute, but should not be the sole factor for determining the feasibility of rehabilitation. This is precisely what the Trial Court did, i.e., considered marital standard of living as one factor, not the only factor. Moreover, the Supreme Court in *Robertson* made clear that "[t]rial courts should not refrain, however, from awarding long-term support when appropriate under the numerated statutory factors." *Id.* at 342.

---

[4]The husband argues that the proper standard of review should be *de novo* with no presumption of correctness, because the Trial Court was construing a statute. As the Supreme Court has explained, however, "the Trial Court has wide discretion in awarding alimony, and appellate review of the Trial Court's findings of fact is *de novo* upon the record accompanied by a presumption of the correctness of the findings." *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn. 2001), *citing Goodman v. Goodman*, 8 S.W.3d 289, 293 (Tenn. Ct. App. 1999) ("As a general matter, we are disinclined to alter a trial court's spousal support decision unless the court manifestly abused its discretion.").

Finally, the husband argues the Trial Court was required to divide the marital property equally under the Agreement, but failed to do so for several reasons. He argues that the Trial Court unfairly required him to pay more of the parties' debts that should have been divided equally as well. The Agreement which we decline to enforce speaks only of jointly-owned property, and we do not base our decision on the Agreement. We conclude that the assignment of debts and marital property by the Trial Court was fair and equitable as the evidence does not preponderate against his findings. Tenn. R. App. P. 13(d).

The husband also argues that the A.G. Edwards account (worth $11,128.78) should not have been classified as marital property. He argues the wife took half of the value of that account when she filed for divorce. However, the fact that the wife removed half of the value of the account does not change the status of the account from joint property to separate property. Husband conceded in his brief that the division of assets was equal and that the action by the Trial Court as to this asset achieved that effect.

Husband further argues it was error for the Court to require him to make up the difference in an account's value to the wife because the account decreased in value from the time the order went down until it was transferred, due to market fluctuation. He ignores, however, wife's charge that the husband contributed to the decreased value by willfully failing to make the transfer in a timely manner. The Court determined that this was the equitable solution, and the evidence does not preponderate against that decision.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed one-half to Cynthia Lee Bratton, and one-half to Michael Wayne Bratton.

_____
HERSCHEL PICKENS FRANKS, J.